GERALD K. ANDERSON, District Attorney, Waupaca County
You request my opinion as to the meaning of "communication" as that term is used in sec. 66.77 (2) (e), Stats., as created by ch. 297, Laws of 1973.
Subsection (2) (e) defines "public notice" but does not define "communication" and provides:
 "(e) `Public notice' means statutorily required notice, if any. If no notice is required by statute, it means a communication by the chief presiding officer of a governmental body or his designee, to the public and to the official municipal or city newspaper designated under s. 985.05 or 985.06, or if none exists, then to members of the news media who have filed a written request for such notice, which communication is reasonably likely to apprise members of the public and of the news media of the time, place and subject matter of the meeting at a time, not less than one hour prior to the commencement of such meeting, which affords them a reasonable opportunity to attend."
Section 990.01 (1), Stats., provides:
 "GENERAL RULE. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."
Webster's Third New International Dictionary defines "communication" as: "facts or information communicated; a letter, note, or other instance of written information; conversation, talk." *Page 510 
The same source defines "communicate" as "to make known; inform a person of; convey the knowledge or information of."
In order to conform with the public notice provisions of sec. 66.77 (2) (d), (e), Stats., it will be necessary for each governmental body to search for any statute or statutes other than the above section which requires notice. In some cases a statute may require notice in a specific form to both members and to the public. Where a statute requires notice, the special statutory method as to form, content and means of communication must be complied with. Statutes relating to some governmental bodies, as in the case of the county board of supervisors, require public notice but do not specify the method of communication. Section 59.04 (3), Stats., provides in part: "The board shall give adequate public notice of the time, place and purpose of each meeting." Under such a statute I recommend that, as a minimum, the method of communication contained in the second sentence of sec. 66.77 (2) (e), Stats., be complied with.
Subsection (2) (e), Stats., requires communication by the chief presiding officer or his designee, to the public, AND to theofficial municipal newspaper, or if none exists to members of thenews media (newspapers, radio, television, press associations)who have filed a written request for such notice. The communication must be reasonably likely to apprise members of thepublic and of the news media, of the time, place and subjectmatter of the meeting and must be given at a time, not less than one hour prior to the commencement of such meeting, which affordsthem (members of the public and news media), a reasonableopportunity to attend.
Where subsec. (2) (e), Stats., is applicable, each governmental body and the chief presiding officer thereof will have to use their best judgments in determining the method of communicating to the public, official newspaper, or if none exists, to members of the news media who have filed written requests.
Whereas written or verbal communication could be used with respect to all three classes which may be entitled to notice, written notice would be most appropriate insofar as the public is concerned. A single verbal announcement outside the building or meeting place would not reasonably apprise the public or members of the news media in most cases so as to enable them to attend. Such public announcements in verbal form can serve as a supplementary method *Page 511 
of communication. Timely posting of a written notice in one or more readily accessible public places would serve to notify the public under the statute and will probably be the method most used. A paid notice published in a newspaper having circulation likely to give notice in the area and to people likely to be affected could also be used. The meetings of some governmental bodies are newsworthy and such bodies may be able to get the cooperation of newspaper editors to timely and adequately print articles, without charge, to notify the public. Such method can be used to supplement posting. The statute requires notification of the time, place, and subject matter of each meeting and although some newspapers carry a calendar of meetings as to body, time and place, they do not always refer to subject matter.
I am of the opinion that notice to the official newspaper, or if none exists, to news media members who have filed written requests, can be given by verbal communication (direct or by telephone) or in written form. Where there is an official newspaper, the timely publishing of a legal notice would in my opinion give adequate notice to the newspaper and to the public. Where there is no official newspaper, the timely publishing of an advertisement in a newspaper of general circulation in the area stating the time, place, and subject matter to be considered would be adequate notice to the public but would not be a substitute for the communication to which members of the news media, who have filed written requests for notice, are entitled.
Governmental bodies should have no difficulty in complying with the requirement of giving notice of the time and place of the meeting. Stating the subject matter is a more difficult problem. Whenever possible, specific subject matters upon which discussion or action is anticipated should be included in the notice. While sec. 66.77, Stats., does provide that the notice reasonably apprise of the "subject matter of the meeting," I do not construe the provision in subsection (2) (e) or any other provision of sec. 66.77, Stats., as precluding a governmental body from taking up business which they are authorized to conduct under other laws, even where specific reference is not made to such subject matter, if the notice contained an agenda item: "such matters as are authorized by law" or "regular business." This is especially true where the governmental body could not at the time of giving notice anticipate the introduction or discussion of such business. Many governmental bodies utilize a detailed agenda which *Page 512 
is in itself suitable for posting or delivering to any official newspaper or members of the news media. Whether adequate notice of the subject matter was given is best left to a determination on a case-to-case basis, considering the circumstances of each case. The intent of the law is clear and the giving of notice under this law should comply, insofar as possible, with that intent.
Governing bodies of some municipalities have designated official newspapers under secs. 985.05, 985.06, Stats. Since any municipality, as defined in secs. 985.01 (5), 345.05 (1) (a), Stats., which includes counties, may designate such an official newspaper, it may be desirable to so do in order to simplify compliance with sec. 66.77 (2) (e), Stats. I am of the opinion that subunits of municipalities, such as county board committees, do not have to separately designate official newspapers where the parent governmental body has acted. Where state governmental bodies are concerned, it is questionable whether communication to the official state paper will alleviate the necessity of notifying members of the news media who have filed written request for such notice since the section refers only to "official municipal or city newspaper." I recommend that state governmental bodies notify the state official paper in any event.
In essence you inquire, whether in case there is an official newspaper, the publishing of a one-time legal notice in January, listing the dates, times, places, and subject matter to be considered at the meetings of such body to be held during the entire year would suffice.
In my opinion, it probably would not in most cases.
In my opinion it would not be "reasonably likely to apprisemembers of the public" . . . "of the time, place and subject matter of the meeting at a time, not less than one hour prior to the commencement of such meeting, which affords them a reasonableopportunity to attend." (Emphasis added.)
It is difficult to imagine how any governmental body could with any accuracy predict what specific subject matters would be taken up at meetings many months or even one year in advance. There undoubtedly are some governmental bodies which hold regular meetings to take care of regular business without any formal agenda. *Page 513 
Other governmental bodies may occasionally have an agenda while still others will regularly operate from an agenda. When there is an agenda, even if it be an informal one drawn by the presiding officer or the clerk, this is the sort of information relating to subject matter of the meeting concerning which notice should be given. To say that the publishing of a once-a-year notice in a newspaper giving dates, times, places and general subject matter constituted compliance with the statute would be to relieve a governmental body and its presiding officer of any obligation to give notice of any particular subjects to be taken up at a meeting when such subject matter was scheduled and at least known to the presiding officer. Even where a governing body meets regularly without any agenda, taking up only such business as may properly come before it, and without any real advanced knowledge of what form that business may take, it is my opinion that the mere publication of a once-a-year notice in a newspaper would not constitute compliance with the statute. The statute clearly deals with specific meetings, even though they may be regular and routine meetings, and a separate notice as to each such meeting should be given. In terms of time, the statute makes it clear that less than one hour's notice is not acceptable. Beyond that, what constitutes reasonable notice in terms of time within the meaning of the statute must be judged on the circumstances surrounding each individual meeting. A once-a-year published notice designed to cover several or many meetings would not constitute compliance with the statute.
In seeking to comply with this statute, presiding officers and other members of governmental bodies should keep in mind that the public and the news media are entitled to reasonable notice of the time, place and subject matter of these meetings. Every effort should be made to comply with the spirit as well as the letter of this law.
RWW:RJV